IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs June 10, 2015

**STATE OF TENNESSEE v. MARIKA LYN FOSTER**

**Appeal from the Criminal Court for Putnam County**
**No. 080307A, 080554A, 080605A     Leon C. Burns, Jr., Judge**

_____

**No. M2014-01923-CCA-R3-CD – Filed July 22, 2015**

_____

The defendant, Marika Lyn Foster, appeals the trial court's order requiring her to serve the balance of her sentence in confinement after the revocation of her probation. She argues that the trial court abused its discretion by not extending the length and modifying the conditions of her probation. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J. delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J. and CAMILLE R. MCMULLEN, J., joined.

Craig P. Fickling, District Public Defender; and Benjamin D. Marsee (on appeal) and Cynthia J. Lyons (at revocation hearing), Assistant District Public Defenders, for the Appellant, Marika Lyn Foster.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Victor Gernt, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

On November 20, 2008, the defendant pled guilty to one count of sale of over 0.5 grams of cocaine, a Class B felony, and one count of possession of over 0.5 grams of

cocaine for resale, a Class B felony. She received concurrent ten-year sentences, with one year to be served in confinement and the remainder on supervised probation. On December 4, 2009, shortly after she was released from incarceration, the defendant tested positive for cocaine, marijuana, and Oxycodone. She attended a rehabilitation program from December 2009 to January 2010. After completing the treatment program, the defendant pled guilty to the probation violation and was transferred to Community Corrections. She received credit for her time spent in the treatment program.

After spending a year on Community Corrections, the defendant was transferred back to supervised probation. A second probation violation report was filed on December 7, 2012, after the defendant was charged with two counts of shoplifting and with leaving the county without notifying her probation officer. She pled guilty to the violation, and the trial court ordered her to serve sixty days in jail. On June 16, 2014, a third violation report was filed after the defendant tested positive for marijuana.

At the defendant's probation revocation hearing, Nicole Brown testified that she was the defendant's probation officer. She testified that the basis of the defendant's current probation violation was a failed drug screen and that she had twice before violated her probation. Ms. Brown also explained that the defendant had several positive tests for marijuana that did not result in the filing of probation violation reports. She stated that the defendant tested positive for marijuana on August 7, 2012, but that "nothing was done with that positive drug screen." On December 3, 2013, Ms. Brown administered a drug screen to the defendant, "and she field-tested positive for marijuana." Ms. Brown sent the test for analysis in a laboratory, but the test "leaked in transition to the lab." Ms. Brown warned the defendant not to fail any more drug tests. The defendant said that she was not using drugs and told Ms. Brown that she did not have a drug problem.

On June 3, 2014, Ms. Brown drug tested the defendant, and she again tested positive for marijuana. Ms. Brown sent the test to a laboratory, and the laboratory confirmed that the defendant tested positive for marijuana.

Ms. Brown testified that as a probationer, the defendant "report[ed] as she's supposed to," was seeking employment, and paying her probation fees. Ms. Brown believed that the defendant was experiencing some difficulty finding employment after her most recent probation violation. She stated that the defendant did not have any children and that she lived with her parents. Ms. Brown testified that she had not experienced any difficulties with the defendant as a probationer, other than her failed drug tests. Ms. Brown testified that the defendant "just has a problem with testing positive for marijuana."

2

The defendant testified that her felony convictions "put a damper on employment." She agreed that she knew that she was not supposed to smoke marijuana while on probation and that smoking marijuana was illegal. When asked why she still used marijuana, the defendant replied, "I don't actually have an answer for that, but -- I'm not sure, actually. . . . All I can say is, for stress purposes, or -- I really don't know." The defendant agreed that she went to a rehabilitation treatment program and addressed her marijuana usage during treatment. The defendant explained that she was "clean" for "close to two years" and that family problems and stress caused her to use marijuana again. The defendant asked the court for "leniency." She explained that since her initial charges, she had not "done anything of that nature." She testified that she would not test positive for marijuana if tested that day.

The trial court noted that it was "impressed" that the defendant had been reporting to her probation officer and making her scheduled payments. The court also observed that the defendant's probation violations indicated an "unwillingness to comply" with the terms of her probation. While expressing a desire that the current violation was the defendant's "first or second violation" and a wish that she would have been previously placed "in a long term program" that could have altered her lifestyle, the court noted that it was again tasked with determining the appropriate punishment for a probation violation. The trial court found that there was "ample ground to show that" the defendant violated the conditions of her probation by "testing positive after having previous violations." The trial court revoked her probation and ordered the defendant to serve her original sentence as ordered.

## ANALYSIS

On appeal, the defendant argues that the trial court abused its discretion in ordering her to serve her sentence in incarceration. Specifically, she contends that the trial court should have extended her probation by a term of two years and imposed "special conditions requiring her to complete a long-term rehabilitation program."

A trial court's decision to revoke probation is reviewed under an abuse of discretion standard. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). Generally, a trial court abuses its discretion when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010). The trial court may revoke probation if it finds by a preponderance of the evidence that a defendant violated a condition of his or her probation. T.C.A. § 40-35-311(e)(1) (2010); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). After the court finds that a defendant violated a condition of probation, the court may order the imposition of the original sentence, return the

defendant to probation under modified conditions, or extend the probation for a period not exceeding two years. T.C.A. § 40-35-310, -311(e), -308(a), (c). The trial court has the discretion to order the defendant to serve the original sentence. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

The defendant does not contest the trial court's finding that she violated the terms of her probation, and we agree that the record supports the finding of the trial court. Ms. Brown testified that the defendant tested positive for marijuana, and a TBI laboratory report confirmed the positive test. The trial court did not abuse its discretion in finding that the defendant violated a condition of her probation.

The defendant contends that the trial court abused its discretion by not extending her probationary period by two years and modifying the conditions to require the completion of a long-term rehabilitation program. She cites to the fact that this violation occurred six years into her effective ten-year sentence and to her potential for rehabilitation in support her argument. While noting that it was admirable that the defendant was reporting to her probation officer and making scheduled payments, the court observed that her violations indicated an unwillingness to comply with the terms of probation. This was also the defendant's third probation violation, and the trial court previously imposed a sentence of Community Corrections and a sentence of split confinement. This court has repeatedly observed that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); *see also State v. Marisa Ann Shrum*, No. E2014-00954-CCA-R3-CD, 2015 WL 537203, at *3 (Tenn. Crim. App. Feb. 10, 2015). We conclude that the trial court did not abuse its discretion in ordering the defendant to serve her sentence in confinement. She is not entitled to any relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

4